IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ROSHANDA ALLEN, et al., <br> Plaintiffs, | ) <br> ) <br> ) |
| v. | ) Case No. 24-cv-3304 <br> ) |
| LOUIS DeJOY, et al., <br> Defendants. | ) <br> ) <br> ) |

OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court are Plaintiffs'[1] *pro se* Motion for Default Judgment (Doc. 14) and Motion for Hearing (Doc. 25). Also before this Court is Defendants'[2] Motion to Dismiss Plaintiff's Complaint. (Doc. 16).

I.  BACKGROUND

On December 26, 2024, Plaintiffs, all current or former employees of the United States Postal Service, filed their *pro se* Second Amended Complaint. (Doc. 9). They allege that they were all terminated or forced to resign after Defendants discriminated against them based on their race. (*Id.* at 2-3). They purport to bring a class action suit on behalf of current or former African American employees of the United States Postal Service. (*Id.*). On January 8, 2025, Plaintiffs moved for default judgment. (Doc. 14). On January 13, 2025,

---

[1] The Plaintiffs are Roshanda Allen, Kelly Wells, Rachaundra Donaldson, Tenneil Baskin, Maya Egbejimba, Shawntelle Lynn, Larry Eubanks, Marcus Jones, and Rikka Williams.

[2] The Defendants are Louis DeJoy—Postmaster General of the United States, the United States Postal Service, and Michael Winters. Although Johnny Bishop was initially identified as a defendant, he was not named in the Second Amended Complaint. Because the Second Amended Complaint did not mention Bishop in either the caption or the factual allegations, Bishop is dismissed from the case. *See* Fed. R. Civ. Pro. 10(a); *Taylor v. Brown*, 787 F.3d 851, 858 (7th Cir. 2015).

Defendants moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 23(g).

## II.    MOTION FOR DEFAULT JUDGMENT

Plaintiffs argue in their Motion for Default Judgment that entry of default is appropriate because Defendants did not file an Answer or Motion to Dismiss within the applicable timeframe. Defendants argue first that they did file a Motion to Dismiss within the appropriate timeframe and, alternatively, that service was improper. Without proper service, this Court lacks personal jurisdiction over the United States Postal Service and the Postmaster General. Thus, because Defendants' service argument implicates this Court's jurisdiction, it is appropriate to address that issue first.

As former employees of the United States Postal Service, Plaintiffs allege they were subject to racially discriminatory workplace conduct. Pursuant to 42 U.S.C. § 2000e-16(c), the proper defendant is "the head of the department, agency, or unit," in this case, the Postmaster General of the United States in her official capacity. Service of process is therefore governed by Rule 4(i), which required Plaintiffs to serve the summons and complaint on: (1) the defendant official; (2) the United States Attorney for the district in which the action is brought; and (3) the Attorney General of the United States. Fed. R. Civ. P. 4(i)(1)-(2). Rule 4(i)(4) provides further:

> (4) *Extending Time.* The court must allow a party a reasonable time to cure its failure to:
> (A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States[.]

The advisory committee's note to the Rule 4(i) states that it "saves the plaintiff from the hazard of losing a substantive right because of failure to comply with the complex requirements of multiple service under [Rule 4(i)]." Fed. R. Civ. P. 4(i), advisory committee note (1993).

This case falls squarely within the terms of Rule 4(i)(4)(A) and within the purpose identified by the advisory committee note. Service is governed by Rule 4(i)(2) because the proper defendant is the Postmaster General in his official capacity. Plaintiffs timely served the United States Attorney. (Doc. 10). Defendants also concede that the Postmaster General was served. (*See* Doc. 20 at 3-4). Only the summons issued to the Attorney General was returned unexecuted. (Doc. 13). Accordingly, Rule 4(i)(4) requires that the Court "must allow a party reasonable time" to serve process to cure the failure to serve all three of the required recipients. As a result, dismissal is not appropriate on this basis alone. Instead, Plaintiffs are afforded an opportunity to properly serve Defendants.

However, even if service was proper, entry of default would not be appropriate in this case. Under Rule 12(a)(2), the United States Agency and its employees were required to file an answer within 60 days after service. Fed. R. Civ. Pro. 12(a)(2). Plaintiffs served the U.S. Attorney for the Central District of Illinois on November 12, 2024. (Doc. 10). As a result, Defendants were required to file a responsive pleading no later than January 13, 2025. See Fed. R. Civ. Pro. 6(a)(1). On that date, Defendants filed their Motion to Dismiss. (Doc. 16). Therefore, Defendants complied with the deadline established pursuant to Rule 12(a)(2) and Plaintiffs' Motion for Default Judgment is DENIED.

### III.  MOTION TO DISMISS

#### A. Legal Standard

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Christensen v. Cnty. of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). When considering a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true, and construing all reasonable inferences in plaintiff's favor. *Christensen*, 483 F.3d at 458. To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing he is entitled to relief and giving defendants fair notice of the claims. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). However, the complaint must set forth facts that plausibly demonstrate a claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A plausible claim is one that alleges factual content from which the court can reasonably infer that defendants are liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Pro se* pleadings are held to less stringent standards than those prepared by counsel, so the allegations must be liberally construed. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). However, even a *pro se* complaint must contain sufficient factual allegations to allege a deprivation of a constitutional or civil right. *See Palda v. General Dynamics Corp.*, 47 F.3d 872, 875 (7th Cir. 1995).

#### B. Analysis

Defendants argue the unsigned Second Amended Complaint should be dismissed because *pro se* plaintiffs cannot bring a class action suit. Additionally, Defendants contend

Plaintiffs filed the unsigned complaint without leave of Court or consent of the Defendants.[3]

1. *Pro Se* Status

Defendants argue Plaintiffs' Complaint should be dismissed because *pro se* plaintiffs cannot bring a class action suit. It is a well-settled rule that "[a] nonlawyer [cannot] handle a case on behalf of anyone except himself." *Georgakis v. Illinois State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013); *see also Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2015) (noting one *pro se* litigant cannot represent another); *Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147 (7th Cir. 2001) (holding that a parent who was not a lawyer had no authority to appear as his son's legal representative in the parent's suit against school district). Under Rule 23(a)(4), the class must be provided adequate representation. But courts have repeatedly declined to allow *pro se* plaintiffs to represent a class in a class action. *See Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015).

Plaintiffs argue that they have actively petitioned the Court to appoint counsel on their behalf and suggest that the Court has yet to rule on their motion. However, Magistrate Judge McNaught denied Plaintiffs' Motion to Request Counsel. (Doc. 4). Plaintiffs attempt to remedy this problem by asking the court to appoint counsel for the class. As civil litigants, Plaintiffs have "neither a constitutional nor statutory right to a court-appointed attorney." *James v. Eli*, 889 F.3d 320, 326 (7th Cir. 2018). The Court should seek counsel to represent a plaintiff if: (1) they have made reasonable attempts to secure

---

[3] Defendants also argue that the Court lacks personal jurisdiction over the Defendants due to improper service. Because this issue was sufficiently addressed earlier, the Court will not address it again.

counsel; and (2) the factual and legal difficulty of the case exceeds the particular plaintiff's capacity as a layperson to coherently present it. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). Plaintiffs submitted no evidence that they met either requirement. As a result, Magistrate Judge McNaught's ruling stands.

Plaintiffs assert that their current lack of counsel should not be held against them. In these situations, it is appropriate to dismiss the case without prejudice to give Plaintiffs the chance to find a lawyer to handle the case. *See Georgakis*, 722 F.3d at 1077. Therefore, Defendants' Motion to Dismiss the class-action allegations is granted without prejudice.

### 2. Filing of the Second Amended Complaint

Although dismissal is appropriate based on the lack of class counsel, this Court will consider whether dismissal is appropriate as to the individual Plaintiffs. Defendants argue that the filing of the Second Amended Complaint without a signature warrants dismissal based on Rule 11. Plaintiffs argue that it was signed.

Rule 11 states, in pertinent part: "Every pleading, written motion, and other paper must be signed… by a party personally if the party is unrepresented." Fed. R. Civ. Pro. 11(a). The Rule further instructs the Court to "strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.* A review of the Second Amended Complaint reveals that there is no signature block and none of the Plaintiffs signed it. (Doc. 9 at 3). Importantly, the Court previously warned Plaintiffs that they must each sign the Complaint. (Doc. 4 at 2). Therefore, the Second Amended Complaint shall be stricken. Plaintiffs are given leave to file a Third Amended Complaint within 14 days of the entry of this Order. Failure to do so shall result

in the dismissal of this case. Additionally, the Third Amended Complaint should not include class-action allegations unless Plaintiffs are represented by counsel.

## IV. MOTION FOR HEARING

Plaintiffs further request a hearing on the Motion to Dismiss, Motion for Default Judgment, and Defendants' Motions to Substitute Attorneys, which have been previously granted. Pursuant to Civil Local Rule 7.1(A)(1), the Court may rule upon a motion based on "the pleadings and the motion papers without benefit of oral argument." *See* L.R. 7.1(A)(1). Moreover, "[a] party desiring oral argument on a motion filed under subparagraph (B) of this Rule must so specify in the motion or opposition thereto and must state the reason why oral argument is desired." L.R. 7.1(A)(2). Here, there are no issues that necessitate a hearing, as the Court was able to rule on each issue without the need for additional arguments. Therefore, Plaintiffs' Motion for Hearing is DENIED.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Default Judgment (Doc. 14) is DENIED. Plaintiff's Motion for Hearing (Doc. 25) is DENIED. Defendants' Motion to Dismiss (Doc 16) is GRANTED without prejudice. Plaintiffs' Second Amended Complaint shall be STRICKEN. Plaintiffs may file a third amended complaint within 14 days of the entry of this Order. Failure to do so shall result in the dismissal of this case.

ENTER: April 11, 2025

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE